```
                                                        FILED
                                               UNITED STATES DISTRICT COURT
                                                    DENVER, COLORADO

                                                     AUG 15 2011
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

GREGORY C. LANGHAM
　　　　　　　　　　　CLERK

Civil Action No. 11-cv-01898-BNB

DAVID L. COLLINS, Secured Party Creditor,

　　Plaintiff, named as Petitioner,

v.

THE PEOPLE OF THE STATE OF COLORADO,
THE STATE OF COLORADO, and
WARDEN V. EVERT, KCCC,

　　Defendants, named as Respondents.

---

## ORDER OVERRULING OBJECTION

---

This matter is before the Court on two documents submitted to and filed with the Court *pro se* by Plaintiff, David L. Collins. The documents are titled "Notice of Demur" (ECF No. 5) and "Request for Documents" (ECF No. 6), both filed on August 5, 2011.

The Court must construe Mr. Collins' filings liberally because he is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. The Court will construe the "Notice of Demur" (ECF No. 5) liberally as an objection filed pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons stated below, the objection will be overruled. The "Request for Documents" (ECF No. 6) is unintelligible and will be denied.

Pursuant to § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

In his liberally construed objection, Mr. Collins objects to Magistrate Judge Boyd N. Boland's order of July 28, 2011, requiring him to cure deficiencies. Magistrate Judge Boland's order of July 28 is neither clearly erroneous nor contrary to law. Therefore, Mr. Collins' liberally construed objection will be overruled.

Accordingly, it is

ORDERED that the document titled "Notice of Demur" (ECF No. 5), which the Court construed liberally as an objection filed pursuant to 28 U.S.C. § 636(b)(1)(A), is overruled. It is

FURTHER ORDERED that the document titled "Request for Documents" (ECF No. 6) is denied as unintelligible. It is

FURTHER ORDERED that Plaintiff continues to have **thirty (30) days from the date of the July 28, 2011, order** in which to cure the designated deficiencies. It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies within the time allowed, the action will be dismissed without further notice.

DATED at Denver, Colorado, this __15th__ day of __August__, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01898-BNB

David L. Collins
Prisoner No. 122803
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 15, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk